[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: March 5, 1993 Date of Application: March 5, 1993 Date Application Filed: March 5, 1993 Date of Decision: November 25, 1997
Application for Review of Sentence imposed by the Superior Court, Judicial District of Fairfield, Docket Number CR92-72139.
Robert J. Sullivan, Esq., Defense Counsel, for Petitioner.
John Blowie, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION:
Reinaldo Ramos, petitioner, was found guilty by jury verdict of:
Count One: Attempted murder, a violation of Connecticut General Statutes §§ 53a-54a and 53a-49, carrying a maximum penalty of 20 years incarceration; Count Two: Robbery in the first degree, a violation of Connecticut General Statutes §53a-134 (a)(2), which likewise carries a 20 year maximum period of incarceration; and Count Three: carrying a pistol without a permit, a violation of Connecticut General Statutes § 29-35, with a maximum penalty of five years incarceration. The trial court imposed a 20 year period of incarceration on counts one and CT Page 340 two and two years incarceration on count three. Each sentence to be served consecutively, one to the other for a net effective sentence of 42 years.
Counsel for petitioner indicated that he was of the opinion that the sentence was harsh in that the charges emanate from one incident. Counsel further opined that the trial court was pre-disposed against the petitioner. Counsel cited portions of the trial transcript in support of his contention of bias on the part of the trial court. Counsel further claimed that the court, at sentencing, said nothing positive about petitioner despite certain positive aspects of petitioner in presentence investigation (PSI) report, most notably a five year work history and petitioner's difficult upbringing. Counsel claims the trial court sentenced the petitioner on the petitioner's prior criminal history.
Counsel for petitioner claimed the sentence imposed was harsh and that, at a minimum, the Division should run the sentences imposed concurrently.
The petitioner addressed the Division relating that he felt bad for what happened and that he wished the opportunity to return to his family.
The assistant state's attorney countered by emphasizing the heinous nature of the crimes and the extensive serious injuries inflicted on the victim. The state also noted the extensive criminal record of the petitioner wherein he had six prior felony convictions.
Based upon the egregious nature of the offense wherein the petitioner at point blank range shot the victim in the head, the serious physical injuries inflicted which substantially affected the victim's quality of life and the prior criminal history of the petitioner, the sentence imposed is not inappropriate.
Pursuant to Connecticut Practice Book Section 942, the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended." CT Page 341
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 942 and Connecticut General Statute § 51-194 et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 942. The sentence imposed was neither inappropriate or disproportionate.
This sentence is AFFIRMED.
Klaczak, J.
Norko, J.
Miano, J.
Klaczak, J., Norko, J., and Miano, J. participated in this decision.